STONE, J.
Connors was injured while working aboard a ship operated or controlled by Bouchard. In this action under the Jones Act, the trial court, concluding that Connors was not bound by a union contract because he was not a member of the union, entered a partial final judgment on the issue of “maintenance and cure.” The maintenance damages awarded, however, were in excess of the daily living expenses provided under the terms of a collective bargaining agreement between Bouchard and the union that represented the bargaining unit of which Connors was a member. We reverse.
At the hearing on the motion, the parties, by agreement, submitted sworn affidavits in lieu of live testimony. In support of Connors’ claim for maintenance, he submitted an affidavit detailing living expenses of approximately $80.00 per day. In opposition to Connors’ motion, Bou-chard filed an affidavit stating that Bou-chard is a party to a collective bargaining agreement with the union representing the seamen. Under the contract, the maintenance rate was fixed at $15.00 per day.
“Maintenance” is a per diem living allowance, which extends until a seaman reaches the point of maximum cure. Moran Towing of Florida, Inc. v. Mays, 620 So.2d 1088, 1091 (Fla. 1st DCA 1993). The duty to pay maintenance is imposed by general maritime law. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1290 (11th Cir.2000). “The right of maintenance consists of the right to payments sufficient to provide a seaman with food and lodging comparable to the kind received aboard ship.” Id. at 1290-91; see also Hall v. Noble Drilling, Inc., 242 F.3d 582, 586 (5th Cir.2001).
Where a daily maintenance rate is fixed under the terms of a collective bargaining agreement, it should be accepted by reviewing courts as reasonable, absent evidence that the collective bargaining contract as a whole is unfair or that the union did not adequately represent the claimant. See Frederick, 205 F.3d at 1291; but see Barnes v. Andover Co., L.P., 900 F.2d 630, 640 (3d Cir.1990)(following minority position that a collective bargaining agreement does not bind a seaman if seaman can prove higher daily expenses). In the instant case, Connors brought forth no evidence that the collective bargaining contract was unfair.
We do not deem it significant that Connors is not a union member. It is undisputed that Connors, at the time of the incident, was an assistant engineer on *789 the ship and that the position of assistant engineer has been, and continues to be, part of a bargaining unit represented by the union. Evidence shows that Connors was paid pursuant to the terms of the collective bargaining agreement, notwithstanding that he is not a union member. Labor agreements benefit all employees within bargaining units, not just union members. Moriarty v. Lewis Funeral Dirs. Ltd., 150 F.3d 773, 776 (7th Cir.1998); N.L.R.B. v. Jaggars-Chiles-Stovall, Inc., 639 F.2d 1344, 1347 (5th Cir.1981)(recognizing that collective bargaining system subordinates the interest of an individual employee to the collective interests of all employees to a bargaining unit).
We, therefore, reverse the partial judgment and remand for further proceedings.
GROSS and HAZOURI, JJ., concur.